```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

ADONAY LARA,                  )
                              )
              Plaintiff,      )
                              )
     v.                       )    No.  07 C 3755
                              )
ANGELA DODSON,                )
                              )
              Defendant.      )

## MEMORANDUM ORDER

In response to the putative 42 U.S.C. §1983 ("Section 1983") action filed by pro se plaintiff Adonay Lara ("Lara"),[1] on September 19, 2007 defendant Deputy Sheriff Angela Dodson ("Dodson") tendered a motion to dismiss under Fed. R. Civ. P. ("Rule") 12(b)(6), challenging the Complaint both as substantively deficient and on grounds of qualified immunity. This Court ordered Lara to flesh out his allegations to see whether he had advanced any arguable claim in Section 1983 terms. Now Lara has filed an Amendment to the Complaint in an effort to meet that directive. Unfortunately for him, this Court's analysis of what he has said has disclosed no viable claim.

As this Court's oral directive to Lara reflected, the only potential constitutional claim that then seemed to be a possibility under the Complaint was an assertion of deprivation of access to the courts within the scope of the seminal opinion

---

[1] As discussed later, Lara's self-prepared Complaint has also included two state law claims under the auspices of 28 U.S.C. §1367(a).

in Bounds v. Smith, 430 U.S. 817 (1977), as later limited by Lewis v. Casey, 518 U.S. 343 (1996).  Indeed, even before Lewis our Court of Appeals had made it plain that a claimed violation of the right of access to the courts must entail a showing of real detriment to the litigant that is potentially excused only on a showing of a direct, substantial and continuous limit on such access rather than a minor and incidental one (see Jenkins v. Lane, 977 F.2d 266 (7th Cir. 1992)(per curiam)).[2]

What Lara has set out here shows nothing more than inconvenience in terms of the pursuit of his Circuit Court lawsuit (some brief delay and other minor, incidental difficulties), with no demonstrable real detriment that would prejudice his lawsuit.  And although Lara's Amendment also asserts an infringement of his First Amendment right to free speech, in that respect his repetition of that conclusory statement is not matched by anything that supports his characterization as "plausible," as is demanded by Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965, 1973 n.14 (2007).  In terms of such plausibility, wishing simply does not make it so.

In summary, despite Lara's efforts to overdramatize the

---

[2] Although Jenkins dealt with a claim of deprivation of court access as to an incarcerated plaintiff, the applicable principles are certainly no less relevant here.  Indeed, the obvious limitations on prisoner mobility would logically call for a more relaxed showing of detriment than might be imposed on a nonprisoner litigant such as Lara.

2

minor slight that he sustained as a result of his brief limited brush with Dodson, he has not even approached the showing[3] required by the caselaw. And although what has been said to this point alone suffices to call for dismissal of Lara's federal claims, Dodson's counsel is on solid ground in claiming qualified immunity as well. In that respect Lara's response has mistaken the scope of that doctrine, under which it surely cannot be said that a reasonable officer in Dodson's position would have understood that her action in requiring Lara to leave the courthouse under the circumstances would impinge on any clearly established constitutional rights.

That leaves for possible consideration Lara's two counts that advance claims under state law: Count III charging "False Imprisonment" and Count III (sic) charging "Intentional Infliction of Emotional Distress." Although this Court, having removed the federal underpinning for such claims, could have dismissed them without prejudice (see 28 U.S.C. §1367)(c)(3)), they too are clearly devoid of merit--this time in terms of Illinois law. Lara's being turned away from the Circuit Court cannot under any stretch of imagination come under the rubric of false imprisonment, and the other claim does not even begin to

---

[3] "Showing" should not be misinterpreted as calling for an evidentiary presentation as such. Instead this Court has complied with Rule 12(b)(6) principles by crediting Lara's allegations, measuring them of course against the Supreme Court's newly-announced "plausibility" yardstick.

3

approach the demands of the applicable Illinois caselaw.

Accordingly Dodson's motion to dismiss is granted.  This entire action is dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:   October 26, 2007